IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| LARRY EUGENE STEWART, )<br>    Plaintiff, )<br>v. )  No. 11-0876-CV-SJ-FJG<br> )<br>TRS RECOVERY SERVICES, INC., )<br>    Defendant. ) | |

## ORDER

Pending before the Court are (1) Plaintiff's Application for Clerk's Entry of Default Pursuant to Fed. R. Civ. P. 55(a) (Doc. No. 8); and (2) Defendant's Motion for Leave to File an Answer Out of Time (Doc. No. 13).

On December 22, 2011, defendant filed opposition to plaintiff's application for clerk's entry of default, indicating that there "was a miscommunication between TRS's in-house legal counsel and the undersigned counsel regarding service upon TRS and the responsive pleading deadline." Doc. No. 12, p. 2. Defendant and its counsel did not realize that the deadline for a responsive pleading had passed until they received plaintiff's application for default judgment in the mail on December 7, 2011. Id. Defendant indicates it has a meritorious defense to this action, as it asserts that it has training in place to ensure that debt collection calls are placed at appropriate times of day, to ensure that consumers are not harassed, and to ensure that collectors disclose their identities during the calls. On the same day that it filed its response to the request for entry of default, defendant filed its motion for leave to file an answer out of time (Doc. No. 13).

Entries of default judgment are governed by Fed. R. Civ. P. 55. A party is not entitled to a default judgment as a matter of right; instead, a decision to grant a motion for default judgment "calls for the exercise by the Court of a sound judicial discretion." In re Howell Enterprises, Inc., 99 B.R. 413, 415 (E.D. Ark. 1989) (citing Louisiana Farmers Protective Union, Inc. v. Great Atlantic & Pacific Tea Co. of America, 83 F.Supp. 646, 654 (E.D. Ark. 1949)). The entry of default judgment should be a "rare judicial act." Comisky

v. JFTJ Corporation, 989 F.2d 1007, 1009 (8th Cir. 1993). Default judgment for failure to defend is appropriate if the conduct of the nonmoving party is willful, contumacious or intentional. Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996).

The Court finds that the defendant's recent filings (Doc. Nos. 12 and 13) demonstrate that defendant's actions were not willful, contumacious or intentional such that default judgment is mandated. Accordingly, it is hereby **ORDERED** that plaintiff's Application for Clerk's Entry of Default Pursuant to Fed. R. Civ. P. 55(a) (Doc. No. 8) is **DENIED**. Defendant's Motion for Leave to File an Answer Out of Time (Doc. No. 13) is **GRANTED**, and defendant shall electronically file its answer on or before **Tuesday, January 17, 2012.**

**IT IS SO ORDERED.**

Dated: January 11, 2012.  /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri.   Fernando J. Gaitan, Jr.
                         Chief United States District Judge